IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| **RUBBERMAID INCORPORATED,** | Civil Case No. 3:08-cv-100-W |
| Plaintiff, | |
| | Judge Frank D. Whitney |
| vs. | |
| **L.R. NELSON CORPORATION,** | **PROTECTIVE ORDER** |
| Defendant. | |

WHEREAS, discovery and trial in this action will require the production and disclosure of documents, testimony, material and/or other information which contain confidential and proprietary information, the unrestricted use or disclosure of some of which would cause irreparable harm to the producing party;

WHEREAS, the parties wish to insure that no harmful disclosure of confidential proprietary information will be made and that no competitive advantage will be gained by the unrestricted disclosure or use of such confidential information; and

WHEREAS, the parties desire to expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality, to adequately protect material that the parties agree should be kept confidential, and to insure that protection is afforded only to materials so entitled;

NOW THEREFORE, it is hereby STIPULATED BY THE PARTIES AND ORDERED BY THE COURT AS FOLLOWS:

1. **"Confidential Information".** If any information, including documents, testimony or other materials, is believed by the producing party to contain trade secrets or other confidential research, development, commercial or financial information of the producing party (hereinafter collectively referred to as "CONFIDENTIAL INFORMATION"), the information shall be deemed "CONFIDENTIAL" pursuant to this Stipulated Protective Order when so designated by the producing party, or a producing third party served with a subpoena, in the manner described in Paragraph 3 below.

2. **"Highly Confidential Information".** Any party, or any producing third party served with a subpoena, may designate as Highly Confidential Information ("HIGHLY CONFIDENTIAL INFORMATION") any CONFIDENTIAL INFORMATION which constitutes or reveals confidential: (1) information concerning the identity of non-party suppliers, customers, and/or licensees; (2) information relating to pricing, costs and/or royalties with respect to non-party suppliers, customers, and/or licensees; (3) scientific and technical data or specifications; and (4) business plans.

3. **Marking of Items.** Any party (or producing third party) may designate any item as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION by placing or affixing to such item, in a manner that will not interfere with the legibility thereof, the following notice (or its equivalent): "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL: FOR ATTORNEYS' EYES ONLY". The "HIGHLY CONFIDENTIAL: FOR ATTORNEYS' EYES ONLY" designation shall be invoked only with respect to that confidential material identified in paragraph 2.

4. **Confidentiality to Be Maintained.** Except as agreed by the designating party, as ordered by a court of competent jurisdiction, or as otherwise provided herein, information designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION shall be maintained confidential by the party or individual to whom it is furnished, and such information may be disclosed and used by that party or individual only for the purpose of this litigation and for no other purpose. If a document includes CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION in addition to other information, and the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is redacted, the remainder of the document may be treated as if no CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION existed in the document.

5. **Access.**

(a) Material designated as CONFIDENTIAL INFORMATION, copies thereof, and any confidential material contained therein shall not be disclosed to any person except:

(i) The Court and its officers;

(ii) The counsel of record for the parties and their staffs (with the term "staff" defined to include clerks, paralegals, associates and secretaries in the regular employ of such counsel, and the outside copy service regularly engaged for photocopying and imaging services);

(iii) Officers, directors or employees of the receiving party deemed necessary by counsel to assist in the prosecution, defense or settlement of this action, provided that each such officer, director or employee first signs a confidentiality agreement as required by subparagraph 5(c) below;

(iv) Third party experts or independent consultants who are directly engaged by counsel or by the parties to assist in the prosecution, defense or settlement of this action, provided that each such expert or consultant first signs a confidentiality agreement as required by subparagraph 5(c) below, and only after counsel have complied with Paragraph 6 below;

(v) Court reporter(s) employed in this action, provided that each such reporter first signs a confidentiality agreement as required by subparagraph 5(c) below;

(vi) Witnesses or deponents whose testimony is reasonably related to the confidential material sought to be disclosed to him.

(vii) Any other person as to whom the parties agree in writing, provided that each such person first signs a confidentiality agreement as required by subparagraph 5(c) below.

(b) Material designated as HIGHLY CONFIDENTIAL INFORMATION, copies thereof, and any confidential material contained therein shall not be disclosed to any person except the qualified persons listed above in subparagraphs (a)(i), (a)(ii), (a)(iv), (a)(v), and (a)(vii). In no event shall HIGHLY CONFIDENTIAL INFORMATION be disclosed to a party, or to an officer, director or employee of a party, or to in-house counsel of a party, unless otherwise agreed or ordered.

(c) Prior to receiving any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, and as a condition to receiving any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, the qualified persons listed above in subparagraphs (a)(iii), (a)(iv), (a)(v), and (a)(vii) above, must first sign an affidavit in the form set forth in Exhibit A, attached hereto. The party on whose behalf such an affidavit is signed shall retain the original and serve a copy of same on the remaining parties.

6. **Required Affidavits.** With respect to third party experts and/or independent consultants, to become an authorized third party expert and/or independent consultant entitled access to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION as provided in paragraph 5, the expert and/or consultant must be provided with a copy of this Order and must sign an affidavit in the form set forth as Exhibit A, attached hereto. The party (or

parties) on whose behalf such an affidavit is signed shall retain the original affidavit and serve a copy of same by fax and overnight courier along with the expert's and/or consultant's *curriculum vitae* on the other party or parties, who shall have ten (10) days from the date of such service to file a motion showing good cause why the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION should not be disclosed to the expert and/or consultant. No disclosure of designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is to be made to the expert and/or consultant until the period for filing a motion has passed or, if a motion is filed, until it is ruled on by this Court. The disclosure of the identity of a consultant pursuant to this paragraph will not waive or make such consultant's work product discoverable unless and until such time as the consultant may be designated as an expert witness.

7. **Third Parties May Also Designate.** Third parties producing documents, testimony or other materials during the course of this action may designate the same as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION under this Stipulated Protective Order by following the procedures set forth herein, and such information shall thereafter be treated by the parties under this Stipulated Protective Order in the same manner as if produced by a party and designated hereunder.

8. **Filing Under Seal.** The portions of all transcripts, depositions, exhibits, answers to interrogatories and requests for admissions, and other documents filed with the Court which contain or reveal CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION under this Stipulated Protective Order, and all pleadings, briefs and memoranda purporting to reproduce, paraphrase, reveal or discuss such CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, the

word "CONFIDENTIAL" and a statement substantially in the following form:

> --This envelope contains documents which are filed in this case by [name of party] pursuant to the Stipulated Protective Order entered in this action, and is to be filed and maintained under seal, and is not to be opened or the contents thereof to be displayed or revealed except by Order of the Court.--

Nothing is this Stipulated Protective Order shall alter the pre-existing requirement that service copies of any such pleadings, briefs and memoranda or other materials filed with the Court shall contain full, complete, exact and legible copies of whatever materials are filed with the Court. Any documents submitted to this Court and any appellate court as provided herein shall thereby become a part of the official record in this case.

9. **Inadvertent Production.** The inadvertent production of any information or document without it being properly marked shall not be deemed a waiver of any clam of confidentiality in such information or document. If a party or other supplying person through inadvertence produces any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION without marking it as such in accordance with the provisions of this Order, the supplying person or party may furnish a substitute copy properly marked along with written notice to all parties (or written notice alone as to non-documentary information) that such information is deemed CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and should be treated as such in accordance with the provisions of this Order. Each receiving party must treat such information as confidential from the date such notice is received. Disclosure of such CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION before the receipt of such notice shall not be deemed a violation of this Order.

10. **Deposition Practice.** In the event that any document or testimony embodying CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is used or revealed at a deposition, the reporter and counsel shall be instructed at any time during the

deposition that, pursuant to this Order, the deposition and deposition exhibits containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, if retained by the reporter, shall be retained under seal, and if filed with this Court, shall be filed under seal with the instructions to the Clerk of this Court set forth in paragraph 8 above. The reporter shall be further instructed not to furnish copies of any such material or disclose its contents to any person other than counsel for the respective parties (or the designating third party). The parties (or an applicable third party) may designate deposition testimony as containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION by providing either oral notice on the record during the deposition or written notice of such designation to the reporter and counsel for the opposing party within thirty (30) days after receipt by any party or its counsel of the transcript of such testimony. Prior to such time, the entire transcript shall be treated as HIGHLY CONFIDENTIAL INFORMATION.

11. **Court Proceedings.** A party intending to use CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION at trial or in any hearing conducted in this litigation shall inform the producing party of its intent a reasonable time in advance of the intended disclosure. The parties shall thereafter make a good faith effort to resolve a manner in which such information may be used at trial or in the hearing while minimizing to the extent possible the disclosure of CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION. In the event of disagreement, the producing party may take the matter up with the Court, and the disclosure of such confidential material shall be subject to the Court's *in camera* procedures and any applicable Court orders.

12. **Challenging Designations.** Any party, after first having unsuccessfully requested withdrawal of a designation of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION by the designating party, may apply to this Court for an

order removing such designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION from the provisions hereof or otherwise modifying the provisions hereof as to such designated items. The burden for proving the need for the designation shall be with the party making the designation.

13. **Good Faith in Making Designations.** The parties shall make every reasonable effort to act in good faith to limit and curtail the volume of information, documents, things, testimony or other materials designated by them as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION under this Stipulated Protective Order; shall use their best efforts to act in good faith to separate out and segregate things and other materials containing confidential information from those that do not contain confidential information; shall use their best efforts to act in good faith to limit the number of persons to whom confidential information is to be disclosed; and shall confer with each other in good faith for the purpose of attempting to limit and curtail the volume of information and materials to be so designated.

14. **Designations Not Admissions.** Nothing in this Order shall be construed as an admission or agreement that any specific information is or is not confidential, subject to discovery, relevant, or admissible in evidence in this litigation.

15. **Return of Documents.** Upon final determination of the captioned civil action, including all appeals, all copies (other than a single copy that may be maintained in the custody of outside counsel for archival purposes) of all documents containing designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION that are in the possession of outside counsel or authorized third party experts entitled to access under paragraph 5 above, shall either be returned to outside counsel of record for the designating party or destroyed. As to destroyed documents, each party shall certify to the other party that such documents have been destroyed. Return or destruction shall take place within 60 days of the final

determination of the action.

16. **Retention of Jurisdiction.** The Court shall retain jurisdiction over the parties and those to whom are disclosed CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION designated hereunder following the termination of this action for enforcement of the provisions of this Stipulated Protective Order and any subsequent orders entered pursuant to this Order.

17. **Further Protective Orders Not Precluded.** Nothing herein shall preclude any party from applying to the Court for a Protective Order pursuant to Rule 26 of the Federal Rules of Civil Procedure regarding the production of particular information or documents not otherwise subject to the provisions of this Stipulated Protective Order. This Stipulated Protective Order is without prejudice to the rights of any party hereto to seek relief from the Court, upon good cause shown, from any of the provisions of restrictions provided herein. Any producing party shall have the right to waive all or part of the protections hereunder as to its own information.

18. **Documents Obtained Prior to Litigation.** The parties agree that any information or documents obtained prior to the commencement of this litigation by a party from an opposing party, and/or developed jointly or in conjunction with an opposing party prior to the commencement of this litigation, shall not be subject to this Stipulated Protective Order; provided, however, that by entering into this Stipulated Protective Order neither party waives any claims or rights it may have as to any such information or documents, including, but not limited to, any claims that such information and/or documents are, independent of this Stipulated Protective Order, the proprietary, confidential and/or trade secret information of such party, and any claims that such information and/or documents are subject to confidentiality restrictions imposed by contract, statute, and/or common law.

19. This Stipulated Protective Order shall be binding on each of the parties listed

below upon execution hereof by said party's attorney, and the attorney so signing represents by signing that he has full authority to enter into this Stipulated Protective Order and bind his respective client or clients to the terms hereof. The undersigned counsel for the respective parties hereby stipulate that this Stipulated Protective Order may be entered and notice by the Clerk is waived.

AGREED:

s/ Robert A. Muckenfuss

Robert A. Muckenfuss
N.C. State Bar No.: 28218
McGUIREWOODS, LLP
100 North Tryon Street (28202)
Post Office Box 31247
Charlotte, North Carolina 28231
(704) 343-2000
(704) 343-2300 (fax)

Timothy F. Sweeney, Esq. (0040027)
Lynn Rowe Larsen, Esq. (0055824)
*Admitted Pro Hac Vice*
LAW OFFICE OF TIMOTHY FARRELL SWEENEY
The 820 Building, Suite 430
820 West Superior Ave.
Cleveland, Ohio 44113-1800
(216) 241-5003
(216) 241-3138 (fax)

Counsel for Rubbermaid Incorporated

s/ Janaki Nair

Kenneth Lautenschlager
N.C. State Bar No. 23246
JOHNSTON, ALLISON & HORD
Post Office Box 36469
Charlotte, North Carolina 28204
(704) 332-1181
(704) 376-1628 (fax)

Robert M. Riffle, Esq.
Janaki Nair, Esq.
*Admitted Pro Hac Vice*
Elias, Meginnes, Riffle & Seghetti, P.C.
416 Main Street, Suite 1400
Peoria, Illinois 61602
Telephone: (309) 637-6000
Facsimile: (309) 637-8514

Counsel for L.R. Nelson Corporation

IT IS SO ORDERED.

This 17th day of November, 2008.

Carl Horn, III
United States Magistrate Judge