# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:08-cv-100-W

| | |
|---|---|
| **RUBBERMAID INCORPORATED,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **L.R. NELSON CORPORATION,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

To determine whether the Court has subject matter jurisdiction to grant the relief requested in Rubbermaid's Motions (Docs. Nos. 25 and 27), the Court requests Rubbermaid submit a supplemental memorandum of law no more than 2,000 words by October 29, 2009, addressing the following: While new parties which are successors in interest to Defendants may be added under Federal Rule of Civil Procedure 25(c) even after judgment in order to enforce the judgment, see e.g. Panther Pumps & Equip. Co. v. Hydrocraft, Inc., 566 F.2d 8 (7th Cir. 1977); Greater Potater Harborplace, Inc. v. Jenkins, 1991 U.S. App. LEXIS 11015 (4th Cir. May 31, 1991) (unpublished), Rubbermaid must allege with specificity and factually support the position that Robert Bosch Tool Corporation ("Bosch") is a successor in interest to Defendant L.R. Nelson Corporation, rather than a mere acquirer of the assets (without the liabilities), and that it is necessary to add Bosch to enforce the judgment.[1] This issue is important to address from the outset because, otherwise, the Court

---

[1] To the extent Plaintiff alleges fraud in the transfer of assets, fraud always must be alleged with particularity. What may be the proper process here is not adding Bosch to this action under Rule 25(c), but rather a separate suit against Bosch alleging tort and fraud.

arguably lacks both subject matter and personal jurisdiction.

Signed: October 21, 2009

Frank D. Whitney
United States District Judge